# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | § | |
|---|---|---|
| **RICHARD SCOTT SHAFER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-CV-114-JDK-KNM |
| | § | |
| **BRYAN COLLIER, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Richard Scott Shafer, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. On January 16, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 28), recommending that Plaintiff's motions for a preliminary injunction and temporary restraining order be denied. *Id.* at 1. In particular, the Magistrate Judge found that since filing his motions, Plaintiff has been transferred from the Coffield Unit to the McConnell Unit, and his claims for injunctive relief were therefore moot. *Id.* Plaintiff filed objections on February 3, 2020. Docket No. 33.

In his objections, Plaintiff argues that the unconstitutional injuries he suffered "are likely to occur again and are capable of repetition elsewhere in the TDCJ." *Id.* at 2. Plaintiff states that his injuries will occur again at the McConnell Unit because the TDCJ as a whole is under the authority of Defendant Bryan Collier. *Id.* at 3. Finally, Plaintiff argues that the "likelihood of being transferred back to the Coffield Unit is of grave concern for the Plaintiff." *Id.*

The Court overrules Plaintiff's objections. "[T]he Fifth Circuit has repeatedly held that transfer to another prison renders moot claims for declaratory and injunctive relief relating to penitentiary-specific conditions-of-confinement." *Doe v. Carter*, No. 7:10-CV-147-O, 2011 WL 4962060, at *4 (N.D. Tex. Oct. 19, 2011) (collecting cases). Further, "any suggestion of relief based on the possibility of transfer back to the [Coffield Unit] is too speculative to warrant relief." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Additionally, Plaintiff is wrong to argue that his claims are not moot because Defendant Collier can cause the same alleged injuries at the McConnell Unit. "While Plaintiff is certainly free to seek redress in the courts for alleged [misconduct] at the McConnell unit, that is not the case that Plaintiff has pled before this Court." *Doe*, 2011 WL 4962060, at *6. At most, Plaintiff's complaint alleges constitutional violations that occurred at the Coffield Unit and does not "identify any state-wide policy or explain how any such policy led to any alleged constitutional violations, or affected Plaintiff's current conditions of imprisonment." *Id.* at *6 n.5.

Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 28) be **ADOPTED**. It is further

**ORDERED** that Plaintiff's motions for injunctive relief (Docket Nos. 15 & 17) are hereby **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **18th** day of **March, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE