IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-cv-114-JDK-KNM |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS GREGORY DINGAS AND PAM PACE

Plaintiff Richard Scott Shafer, an inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the motion to dismiss filed by Defendants Gregory Dingas, manager of the Mental Health and Mental Retardation Department, and Pam Pace, the practice manager at the Coffield Unit, be granted and these Defendants be dismissed from the lawsuit. Docket No. 75.

Plaintiff objected, arguing that the Magistrate Judge failed to consider Dingas' alleged violations of the Safe Prisons Act, the failure of medical personnel to conduct wellness checks showed Dingas was retaliating against him, no hearing was conducted prior to Plaintiff's transfer to the Skyview Unit, he was subjected to unconstitutional conditions at the Skyview Unit, Pace is liable for the actions of the

1

nurses whom Plaintiff claims she supervises, and Pace sought to cover up the wrongdoing of her subordinates through the grievance process. Docket No. 79.

Plaintiff's objections lack merit and do not identify any valid basis for rejecting the proposed findings, conclusions, and recommendations of the Magistrate Judge. Violations of the Safe Prisons Act alone do not establish a violation of a federal constitutional right. *Larson v. Westbrook*, 799 F. App'x 263 (5th Cir. 2020). Plaintiff's claims concerning wellness checks by Dingas's subordinates, moreover, are insufficient to show that any of Dingas's alleged actions were taken in retaliation against Plaintiff. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)) ("The relevant showing in such cases must be more than the prisoner's 'personal belief that he is the victim of retaliation.'"). And Plaintiff does not have any liberty interest in being incarcerated in any particular institution; nor has he alleged facts showing that a temporary transfer for evaluation and treatment is an atypical or significant hardship in relation to the ordinary incidents of prison life. He has therefore failed to show that his temporary transfer to the Skyview Unit implicated a constitutionally protected liberty interest or that he was entitled to a hearing. *Samford v. Staples*, 249 F.App'x 1001, 1004 (5th Cir. 2007); *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). In any event, even if Plaintiff was entitled to a hearing and did not receive one, he has not alleged facts showing either Dingas or Pace was personally involved in the denial of such a hearing. Accordingly, this objection is without merit.

Likewise, although Plaintiff complains of the conditions of confinement at the Skyview Unit, he does not allege that either Dingas or Pace, who are located at the Coffield Unit, had any personal involvement with or causal connection to such conditions. *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (civil rights claimant must establish that the defendant was either personally involved in the constitutional deprivation or that defendant's actions were causally connected to the deprivation).

The Magistrate Judge correctly determined that Pace is the practice manager—not a medical provider—and does not supervise the nursing staff. Plaintiff acknowledges that Pace has no medical training and that her role is purely administrative, but argues that Pace "violated the Plaintiff's rights to due process when she covered up the wrongs of the nurses she 'manages' with a deliberately botched investigation that ruled in [sic] contrary to an in-depth investigation by Pam Pace's supervisors, that investigation was requested by the Plaintiff's family." Docket No. 79 at 4. He asserts that his claim against Pace is not based on supervisory liability but on her actions in investigating his complaints. *Id.* at 4–5. The Magistrate Judge correctly concluded that the failure to investigate or resolve a grievance or complaint to a prisoner's satisfaction does not implicate any constitutionally protected rights. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Hill v. Walker*, 718 F.App'x 243 (5th Cir. 2018). Accordingly, this objection is without merit.

3

Finally, Plaintiff contends that nineteen days after he filed a "notice of intent" with TDCJ Executive Director Bryan Collier, he was suddenly transferred to another unit without cause, which he believes was done in retaliation. Plaintiff does not allege, much less show, that Dingas or Pace knew anything about his "notice of intent," or that either of them had the power to transfer him to another unit. These objections are therefore without merit.

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.

Accordingly, the Court hereby **ORDERS** that Plaintiff's objections are overruled and **ADOPTS** the Report of the Magistrate Judge (Docket No. 75) as the opinion of the District Court. It is further **ORDERED** that the motion to dismiss of Defendants Gregory Dingas and Pam Pace (Docket No. 34) is **GRANTED** and Plaintiff's claims against Defendants Dingas and Pace are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Defendants Dingas and Pace are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in the lawsuit.

So **ORDERED** and **SIGNED** this **8th** day of **September, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE