IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RICHARD SCOTT SHAFER, § § § | |
| Plaintiff, § § | |
| v. § | Case No. 6:19-cv-114-JDK-KNM |
| § | |
| BRYAN COLLIER, et al., § § § | |
| Defendants. § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Scott Shafer, an inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the motion to dismiss filed by Defendants Bryan Collier, Michael Britt, Vernon Mitchell, Joe Gonzales, Jerry Adams, Brandon Brewer, Jeffrey Layton, John Ragsdale, Steven Hemphill, James Smith, Ronald Grant, Pedro Olayinka, Robert A. Eldredge, Douglas Whitten, Guillermo Delarosa, Douglas Sparkman, and William Wheat be granted as to all Defendants except Sgt. Olayinka. Docket No. 77.

Plaintiff raised several objections. Docket No. 82. Specifically, Plaintiff argues that:

- TDCJ Executive Director Bryan Collier should be liable because he failed to take corrective action after being notified of problems through Plaintiff's letters and grievances;

1

- Warden Britt, Warden Catoe, Major Mitchell, Major Gonzales, Lieutenant Smith, Lieutenant Ragsdale, Major Delarosa, and Major Wheat "are liable for their failures to seek appropriate measures to ensure the Plaintiff's safety;"

- Sergeant Adams was deliberately indifferent to his serious medical needs;

- Sergeant Adams told other inmates that Plaintiff was a child molester and a snitch;

- Sergeant Brewer harassed Plaintiff and committed acts of intimidation and retaliation against him;

- Sergeant Layton's verbal threat to use excessive force violated the First Amendment;

- Lieutenant Ragsdale's threat to get Plaintiff to have his friend Margie Carter stop writing to the prison on his behalf implicated a liberty interest;

- Lieutenant Smith was deliberately indifferent to Plaintiff's safety;

- Officer Whitten failed to follow TDCJ policy and state law;

- Major Delarosa failed to conduct a proper investigation; and

- Major Wheat violated Plaintiff's constitutional rights by leaving Plaintiff in a holding cell without access to water or a restroom for six hours after Major Wheat became aware of these problems.

Plaintiff's objections generally reiterate the claims presented in his complaint and addressed in the Magistrate Judge's Report. Where objections are repetitive of arguments already made to the Magistrate Judge and the district court finds no error, the court need not make new findings or reiterate the findings of the Magistrate Judge. *See Hernandez v. Livingston*, 495 F.App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

With regard to Plaintiff's claim against Major Wheat, the Magistrate Judge correctly determined that Plaintiff failed to state a claim upon which relief may be

2

granted. Even if Plaintiff's allegations are true concerning his time in a holding cell without water or proper facilities, Plaintiff may have suffered some discomfort, but the relatively brief duration weighs against finding an Eighth Amendment deprivation. *See, e.g., Powers v. Clay*, 560 F.App'x 290 (5th Cir. 2014); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). Accordingly, this objection is without merit.

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such de novo review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.

Accordingly, the Court **ORDERS** that Plaintiff's objections are overruled and **ADOPTS** the Report of the Magistrate Judge (Docket No. 77) as the opinion of the District Court. It is further **ORDERED** that Defendants' motion to dismiss (Docket No. 36) is **GRANTED** as to Defendants Bryan Collier, Michael Britt, Vernon Mitchell, Joe Gonzales, Jerry Adams, Brandon Brewer, Jeffrey Layton, John Ragsdale, Steven Hemphill, James Smith, Ronald Grant, Robert A. Eldredge, Douglas Whitten, Guillermo Delarosa, Douglas Sparkman, and William Wheat. The claims against these Defendants are **DISMISSED WITH PREJUDICE**.

The motion to dismiss is **DENIED** as to Defendant Pedro Olayinka. Because Sergeant Olayinka has already answered the lawsuit, the deadlines set out in the Court's scheduling order (Docket No. 29) are in effect for him, subject to modification in the event that other Defendants answer this lawsuit.

So **ORDERED** and **SIGNED** this **8th**   day of  **September, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE