IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RICHARD SCOTT SHAFER,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN COLLIER, et al.,<br><br>    Defendants. | Case No. 6:19-cv-114-JDK-KNM |

**ORDER ADOPTING REPORT AND RECOMMNEDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Scott Shafer, an inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Plaintiff's complaint raises several claims against several different defendants. Defendant Warden Jeffrey Catoe has moved to dismiss the claims against him arguing that Plaintiff did not show any harm resulting from the warden's actions. Docket No. 54. Defendant Catoe further invoked his entitlement to qualified and Eleventh Amendment immunity and contended that Plaintiff's pleadings as to him were conclusory and failed to state a claim upon which relief may be granted. *Id.*

After reviewing the pleadings and briefing on the motion, the Magistrate Judge issued a Report recommending that the Court grant Defendant Catoe's motion to dismiss. Docket No. 100. The Magistrate Judge observed that Plaintiff's claims against Defendant Catoe were based on *respondeat superior* liability, but Plaintiff

failed to allege facts showing that Defendant Catoe affirmatively participated in acts causing a constitutional injury or implemented unconstitutional policies or customs resulting in a constitutional injury. *Id.* at 17. The Magistrate Judge also determined that Defendant Catoe's failure to respond to Plaintiff's requests or grievances in the manner which Plaintiff believed appropriate did not establish a constitutional violation. *Id.* at 17–19.

Plaintiff objected to the Magistrate Judge's Report arguing that supervisory responsibility makes Defendant Catoe liable and that Catoe failed to adequately respond to and remedy Plaintiff's concerns. Docket No. 118. The Magistrate Judge correctly determined that supervisory liability, or *respondeat superior*, does not generally apply in § 1983 lawsuits; rather, a supervisor may be held liable if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff offered no facts showing that Defendant Catoe affirmatively participated in acts causing a constitutional deprivation or implemented any unconstitutional policies.

Having conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected, the Court has determined that the Report of the Magistrate Judge is correct, and the Plaintiff's objections are without merit. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Accordingly, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report (Docket No. 100) as the opinion of this Court.  The Court **GRANTS** Defendant Catoe's motion to dismiss (Docket No. 54), and the claims against Defendant Catoe are **DISMISSED WITH PREJUDICE**.  Warden Jeffrey Catoe is **DISMISSED** as a party to this lawsuit.  This dismissal shall have no effect upon the remaining claims and Defendants in this case.

So **ORDERED** and **SIGNED** this **2nd** day of **December, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE