## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-cv-114-JDK-KNM |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMNEDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Richard Scott Shafer, an inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Plaintiff's complaint raises several claims against several different defendants. Defendant Captain Felicia Turner has moved to dismiss the claims against her arguing that Plaintiff did not show any harm resulting from her actions, and that any harm suffered by Plaintiff was self-imposed.  Docket No. 65.  Defendant Turner further invoked her entitlement to qualified and Eleventh Amendment immunity and contended that Plaintiff's pleadings as to her were conclusory and failed to state a claim upon which relief may be granted.  *Id.*

After reviewing the pleadings and briefing on the motion, the Magistrate Judge issued a Report recommending that the Court grant Defendant Turner's motion to dismiss.  Docket No. 101.  The Magistrate Judge observed that Plaintiff's claims

against Defendant Turner were based on *respondeat superior* liability, but Plaintiff failed to allege facts showing that Defendant Turner affirmatively participated in acts causing a constitutional injury or implemented unconstitutional policies or customs resulting in a constitutional injury.  *Id.* at 8–9.  Plaintiff pointed to one instance in which he complained about his food tray to Defendant Turner and she allegedly did not take the corrective action he believed appropriate; however, the Magistrate Judge concluded that this claim did not state a constitutional violation. *Id.* at 9–10.  The Magistrate Judge also explained that the fact Plaintiff missed occasional meals, or sometimes received food he deemed unsatisfactory, likewise did not set out a constitutional claim, particularly in the absence of any showing of personal involvement by Turner in these incidents.  *Id.* Finally, the Magistrate Judge stated that Plaintiff is no longer at the Coffield Unit, rendering any claims for injunctive relief concerning his diet moot.  *Id.* at 10.

Plaintiff objected to the Magistrate Judge's Report arguing that supervisory responsibility makes Defendant Turner liable and that Defendant Turner failed to take the proper corrective action on Plaintiff's complaints.  Docket No. 117.  He also raises a failure-to-train claim for the first time in his objections.

The Magistrate Judge correctly determined that supervisory liability, or *respondeat superior*, does not generally apply in § 1983 lawsuits; rather, a supervisor may be held liable if she affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury.  *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).  Plaintiff

offered no facts showing that Defendant Turner affirmatively participated in acts causing a constitutional deprivation or implemented any unconstitutional policies. The Magistrate Judge also properly concluded that the fact Defendant Turner did not take the corrective action Plaintiff believed appropriate is not a constitutional claim. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

The Fifth Circuit has stated that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Further, even if Plaintiff's failure-to-train argument were properly before the Court, it lacks merit because Plaintiff has not pled the elements of a such a claim. Specifically, he has not shown an actual failure to train or supervise, a causal link between this actual failure and a violation of his rights, or that the actual failure to train or supervise amounted to deliberate indifference. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

Having conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected, the Court has determined that the Report of the Magistrate Judge is correct, and the Plaintiff's objections are without merit. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Accordingly, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report (Docket No. 101) as the opinion of this

Court.  The Court **GRANTS** Defendant Turner's motion to dismiss (Docket No. 65),
and the claims against Defendant Turner are **DISMISSED WITH PREJUDICE**.
Captain Felicia Turner is **DISMISSED** as a party to this lawsuit.  This dismissal
shall have no effect upon the remaining claims and Defendants in this case.

So **ORDERED** and **SIGNED** this **2nd**  day of **December, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE