IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-114-JDK-KNM |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Scott Shafer, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court are Defendant Pedro Olayinka's motion for summary judgment (Docket Nos. 103, 129) and Plaintiff's motion for summary judgment (Docket No. 109). Olayinka seeks summary judgment based on Plaintiff's failure to exhaust administrative remedies. Plaintiff's motion complains that Defendants in this case have failed to meet responsive deadlines. On April 19, 2021, Judge Mitchell issued a Report recommending that the Court grant Olayinka's summary judgment motion and dismiss Plaintiff's claims against him for failure to exhaust administrative remedies. The Report recommended that the Court deny Plaintiff's summary judgment motion. Docket No. 142. Plaintiff objected to the Report. Docket No. 150.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections to the Magistrate Judge's Report, Plaintiff raises seven arguments that the Court will address in turn.

*First*, Plaintiff contends that under the TDCJ Offender Grievance Operations Manual and Administrative Directive 03.82, chapter VII (Specialty Grievances), "there are no resolutions available that can resolve the issues surrounding the deliberate and malicious action / omissions by the Defendant." Plaintiff argues that none of the seven categories listed as specialty grievances addresses the issues in this lawsuit, rendering him unable to exhaust his claims administratively. Docket No. 150 at 1–2.

The TDCJ Offender Grievance Operations Manual[1] lists seven categories of specialty grievances, which require prompt attention or special processing. *See* Manual at 16–17. Grievances that do not qualify as specialty grievances, including allegations of staff denial or interference with an activity, unprofessional staff conduct, and behavior that does not fall into any other category, may be submitted as

---

[1] The manual is available online at https://www.law.umich.edu/special/policyclearinghouse/Documents/TX%20Offender%20Grievance%20Manual.pdf.

2

regular grievances. *See* Manual at 17, 130. Although Plaintiff asserts that there are no categories of specialty grievances that fit his complaint, he could have filed regular grievances against Olayinka. This objection is without merit.

*Second*, Plaintiff objects based on five grievances listed in his file, but not available in TDCJ's imaging system. Docket No. 150 at 2. The grievance numbers of the five unavailable grievances show that they were filed in 2019 and 2020. Docket No. 129-3 at 2. But Plaintiff's allegations against Olayinka all occurred in May and June 2018. Docket No. 9 at 11–14. Thus, even if these missing grievances addressed Olayinka's alleged conduct, they were all filed well outside TDCJ's fifteen-day window for grievances. *See* Manual at 18. These tardy grievances could therefore not have exhausted his claims as to Olayinka. *Johnson v. Johnson*, 385 F.3d 503, 515-19 (5th Cir. 2004) (explaining that grievances that are not processed because they do not comply with the prison grievance procedure's rules—including time limits—do not properly exhaust administrative remedies). This objection is without merit.

*Third*, Plaintiff objects that the Report ignored his allegation that he was confined in a 3x3 cell without food, water, or sanitation for an extended period. Docket No. 150 at 2. According to Plaintiff's complaint, that allegation did not relate to Olayinka. Docket No. 9 at 19. Accordingly, this objection is not relevant to the Report.

*Fourth*, Plaintiff objects to the Report discounting the weight of his pocket calendar as summary judgment evidence. Docket No. 150 at 2. Regardless of the evidentiary weight of the calendar, it does not mention Olayinka or any of the claims

involving him, consistent with Plaintiff's own acknowledgment that he filed no grievances against Olayinka until several months after the incident forming the basis of his claims against Olayinka in this lawsuit. Docket No. 142 at 14. Accordingly, this objection is without merit.

*Fifth*, Plaintiff argues that the exhaustion requirement does not apply because of threats of retaliation and the lack of grievance forms available to him. Docket No. 150 at 2–3. The problem with this argument is that, despite the alleged threats and lack of access to forms, Plaintiff filed seventeen Step One and Step Two grievances in May and June 2018, the relevant time period. *See* Docket No. 142 at 6–8 (listing grievances). Accordingly, this objection is without merit.

*Sixth*, Plaintiff objects that several of his grievances do not name Olayinka because Plaintiff did not know his name at the time. Docket No. 150 at 3. The Magistrate Judge's Report examined each grievance Plaintiff filed in the relevant period. None of those grievances relates to Olayinka's alleged conduct. Docket No. 142 at 6–8. And Plaintiff's objections do not cite to any grievance that describes his claims against Olayinka in this lawsuit. Further, Plaintiff's own records, submitted with his objections, do not mention any grievances concerning Olayinka's alleged conduct. *See* Docket No. 150-1. Accordingly, this objection is without merit.

*Seventh*, Plaintiff objects that he was not afforded an opportunity to submit summary judgment evidence. Docket No. 150 at 3. Not so. Plaintiff was free to submit any available summary judgment evidence with his own motion for summary

4

judgment or in response to Olayinka's motion for summary judgment. Indeed, Plaintiff submitted twenty-six pages of exhibits with his response. Docket No. 133-1. This objection is also without merit.

Having conducted a de novo review of Plaintiff's objections, the record in this case, and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 142) as the opinion of the District Court. The Court **GRANTS** Defendant Olayinka's motion for summary judgment (Docket No. 129) and **DISMISSES** the claims against him without prejudice for failure to exhaust administrative remedies. Further, the Court **DENIES** Plaintiff's summary judgment motion (Docket No. 109).

So **ORDERED** and **SIGNED** this **25th** day of **August, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE